IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Luxottica Retail North America,       :
                                      :
      Plaintiff(s),                :
                                      :  Case Number: 1:10cv374
  vs.                                 :
                                      :  Chief Judge Susan J. Dlott
CAS-MAN, Inc., et.al.,                :
                                      :
      Defendant(s).                :

ORDER

The Court has reviewed the Report and Recommendation of United States Magistrate Judge Karen L. Litkovitz filed on January 14, 2011 (Doc. 12), to whom this case was referred pursuant to 28 U.S.C. §636(b), and noting that no objections have been filed thereto and that the time for filing such objections under Fed. R. Civ. P. 72(b) expired February 4, 2011, hereby ADOPTS said Report and Recommendation.

Accordingly, Pearle Vision's motion for default judgment (Doc. 9) is **GRANTED.**

Default judgment will be entered in Pearle Vision's favor and against defendants CAS-MAN and Maningas for a total of $213,361.31, which is calculated as follows:

1. An award of damages against defendant Maningas in the amount of $49,827 for Maningas' violations of the Lanham Act, pursuant to 15 U.S.C. § 1117.

2. An award of damages against defendants, jointly and severally, in the amount of $68,950.27, plus pre and post-judgment interest, for defendants' breaches of the Streamwood Franchise Agreement and the Streamwood Guaranty.

3. An award of damages against defendant Maningas in the amount of $82,177.78, plus pre and post-judgment interest, for Maningas' breaches of the Bloomingdale Franchise   Agreement and the Bloomingdale Guaranty.

4. An award of attorney's fees against defendants, jointly and severally, in the amount of $12,406.26, pursuant to Paragraph 30 of the Franchise Agreements and/or 15 U.S.C. §

1117(b).

Defendants will also be **PERMANENTLY ENJOINED** and restrained from:

1. Manufacturing, packaging, distributing, selling, advertising, displaying, or promoting any product or service bearing any of the Pearle Visions Marks.

2. Using the telephone number(s) listed in any telephone directories under Pearle Vision's name pursuant to Paragraph 34 of the Franchise Agreements.

3. Operating or participating in a retail optical store or optometric office within a radius of three miles from each of the Stores for a period of one year following the termination of the Franchise Agreements.

Defendants are also **ORDERED** to remove from the Stores all signs, banners, labeling, packaging, advertising, promotional, display, and point-of-purchase materials that bear or display any of the Pearle Vision Marks, name, symbols, or slogans.  Also, defendants are **ORDERED** to cooperate with Pearle Vision to provide for an orderly transition and disposition of any assets used in the operation of the franchises, return possession of the Stores' premises to Pearle Vision in as good a condition as when received by defendants, change the Stores' appearances in accordance with Pearle Vision's directions so as to clearly distinguish them from a PEARLE VISION® store at defendants' expense, transfer all telephone numbers and related directory listings to Pearle Vision, provide Pearle Vision with a copy of all records relating to optical services that were provided in connection with defendants' former PEARLE VISION® franchise and return to Pearle Vision all PEARLE VISION® materials, including, but not limited to, the franchise manual, containing any of Pearle Vision's trade secret and proprietary information and also return all proprietary inventory.

Pearle Vision, within **thirty (30) days** of this Order adopting the Report and Recommendation, will submit to the Court proof of entitlement to all costs, disbursements, and expenses related to this action that Pearle Vision is seeking to recover.

In light of the recommendation that Pearle Vision be awarded permanent injunctive relief pursuant to its motion for default judgment, Pearle Vision's motion for a preliminary injunction (Doc. 2) is **DENIED AS MOOT.**

IT IS SO ORDERED.

            ___s/Susan J. Dlott_____
            Chief Judge Susan J. Dlott
            United States District Court