UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LUXOTTICA RETAIL NORTH AMERICA
INC., d/b/a PEARLE VISION,
    Plaintiff,

vs.

CAS-MAN, INC., et al
    Defendants.

Case No. 1:10-cv-374
Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

    This matter is before the Court on plaintiff Luxottica Retail North America Inc. d/b/a Pearle Vision (Pearle Vision)'s motion for contempt seeking to hold defendant Lolita Padilla Maningas, individually and as former franchisee of Pearle Vision Store # 8091, in contempt of the Court's February 16, 2011 Order. (Doc. 16). Pearle Vision's motion asserts that defendant Maningas is in violation of the Court's Order to, *inter alia*, immediately cease operating as a Pearle Vision franchise and from using and displaying Pearle Vision's registered trademarks and servicemarks.

    On June 10, 2011, the Court ordered defendant Maningas to appear and show cause why she should not be held in contempt. (Doc. 18). On June 29, 2011, defendant Maningas appeared by telephone at a hearing on Pearle Vision's motion and agreed to abide by the terms of the Court's injunction.

    At a status conference held on August 1, 2011, Pearle Vision informed the Court that defendant Maningas has now complied with the terms of the Court's February 16, 2011 Order.

    Therefore, it is hereby **RECOMMENDED** that plaintiff's motion for contempt (Doc. 16) be **DENIED** as moot.

Date: 8/1/2011

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LUXOTTICA RETAIL NORTH AMERICA  Case No. 1:10-cv-374
INC., d/b/a PEARLE VISION,  Dlott, J.
Plaintiff,  Litkovitz, M.J.

vs.

CAS-MAN, INC., et al
Defendants

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).